Banco de Puerto Rico, etc., Plaintiff and Appellee, *v.* Manuel Portela et al., Defendants and Appellants.

No. 6544.    Argued January 22, 1934.—Decided January 31, 1934.

*L. Llorens Torres* for appellants.   *González Fagundo & González, Jr.,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

In this case, as in *Roig Commercial Bank* v. *Santiago Iglesias Silva et al., ante* p. 103, the appellee alleges that the appeal is frivolous, inasmuch as the defendants were duly notified, default entered, and judgment rendered by the clerk against the defendants. If the complaint was good, the facts set up as indicated by the motion, constitute *prima facie* a frivolous appeal.

Examining, therefore, the brief in this case as we frequently do, we find that the first two assignments of error relate to the fact that the complaint did not sufficiently show what the capacity of the Banco Comercial was, namely whether a corporation, partnership, or what not. The complaint showed that the Banco de Puerto Rico filed the suit as liquidator of Banco Comercial, and that it came to be such liquidator by reason of an order of the District Court of San Juan dated May 8, 1933. Under this state of facts, it is unimportant whether the bank was a corporation or a

partnership or otherwise, inasmuch as the presumption would arise that the liquidator appointed was duly exercising its functions. Likewise, as a liquidator was appointed for the bank on May 8, 1933, probably we could take judicial notice at that date that such bank was incorporated in accordance with the Banking Law of the Island, which requires all banks to be incorporated.

Similarly, under the first assignment of error the appellants also alleged that upon a suit on a promissory note in which there is an endorsement, the mere presentation of the note is insufficient. Under the universal practice as well as under the Uniform Negotiable Instruments Act, the holder of a note is *prima facie* entitled to sue thereon no matter what the origin of the consideration was. In other words, that the rule applies as well to the original obligor as to an endorsee.

In the third assignment of error the appellants maintain that the court had no right to enter the default, because the summons was insufficient. The appellants refer us to pars. 4 and 5 of section 89 of the Code of Civil Procedure, which read as follows:

"The summons must be directed to the defendant, signed by the secretary, and issued under the seal of the court and must contain:

"*  *  *  *  *  *  *

"4.—In an action arising on contract, for the recovery of money, or damages only, a notice that unless the defendant so appears and answers, the plaintiff will take judgment for the sum demanded in the complaint (stating it).

"5. In other actions, a notice that unless defendant so appears and answers, the plaintiff will apply to the court for the relief demanded in the complaint. The name of the plaintiff's attorney must be endorsed on the summons."

The summons in question reads thus:

"And you are hereby notified that in case of failure to appear and answer the said complaint within ten days after service of summons, if such summons is served within the district, and within twenty days if served out of the district but in the Island of Puerto

Rico, and within forty days if served elsewhere, plaintiff may demand the granting of the prayer of the complaint to adjudge you to pay him the sum of $3,900, the amount of the note sued on, interest thereon at 12 per cent annually as from Nov. 1, 1931, until the total and final payment thereof, together with the costs, expenses, disbursements and attorney's fees incurred in the present action."

We are of the opinion that for the purposes of giving the court jurisdiction, the summons was sufficient under either paragraph and the defendants were sufficiently notified either that the plaintiff would take judgment for the sum demanded in the complaint, or that the plaintiff would apply to the court for the relief demanded in the complaint. We think, however, that it was an action under paragraph 4 and hence that the summons sufficiently complied with it.

As the note in this case was made in 1931, the act of the legislature regulating the interest to be charged on obligations, approved on August 17, 1933, has no application. The act has no retroactive effect. This disposes of the fourth assignment of error.

The foregoing considerations dispose of the principal contentions of the appellants, and the appeal should be dismissed.